UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| NOEL CEDENO, | ) | CASE NO. 1:14 CV0303 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| TIMOTHY J. MCGINTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is *pro se* Plaintiff Noel Cedeno's above-captioned *in forma pauperis* Complaint. (Doc. No. 1). He names Cuyahoga County Prosecutor Timothy J. McGinty, Assistant County Prosecutor Ronnie Ducoff and Judge Stuart A. Friedman as Defendants. Mr. Cedeno captions the action as a "Civil Complaint Misfeasance While Engaging in a Pattern of Corrupt [sic]." *Id*. at 1. He asserts this Court's jurisdiction pursuant to 42 U.S.C. §1985. In his prayer for relief, Mr. Cedeno seeks damages in the amount of $5,000,000.00. For the reasons set forth below, the action is dismissed.

*Background*

Mr. Cedeno is a pre-trial detainee.  Presently, there are three Indictments pending against him in the Cuyahoga County Court of Common Pleas.  The first, filed on July 6, 2012, charges him with Kidnapping, Rape and Gross Sexual Imposition.  *See State of Ohio v. Cedeno,* No. CR-12-563913-A (Ct. Com. Pl. Cuyahoga County)(Friedman, J.)  Judge Stuart Friedman referred Mr. Cedeno for a competency evaluation, with which he refused to cooperate.  An additional referral was made to Northcoast Behavioral Hospital, which also proved unsuccessful.  Mr. Cedeno was then ordered to undergo a 20-day inpatient competency evaluation at Twin Valley Psychiatric Hospital.  He was transported back to Cuyahoga County jail pending the release of a report from Twin Valley.  A final Pretrial Hearing is scheduled for August 26, 2014.

A second Indictment was filed August 2, 2012 charging Mr. Cedeno with Gross Sexual Imposition, Kidnapping, Rape and Importuning.  *See Ohio vs. Cedeno*, CR-12-564978-A (Ct. Com. Pl. Cuyahoga Ct.) (Friedman, J.)  A Trial is scheduled to commence on October 6, 2014.

Mr. Cedeno was indicted a third time on January 6, 2014 and charged with Rape and Kidnapping. *See Ohio vs. Cedeno*, No. CR-13-580862-A (Ct. Com. Pl. Cuyahoga Ct.)(Friedman, J.)  A final Pretrial Conference is set for August 26, 2014.

In his Complaint before this Court, Mr. Cedeno maintains that the Indictments filed against him have been "recycled by the Prosecuting Attorney to get subsequent indictment[s] since the very First Indictment handed down January 1, 2009." (Doc. No. 1 at 3).  He maintains this violates his right to due process.  Moreover, Mr. Cedeno concludes that this practice is illegal and "constitutes engaging in [a] pattern of corrupt activity and constitutes misfeasance on the part of these state actors." (Doc. No. 1 at 4).

*Sua Sponte Dismissal*

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, No. 99–5323, 2000 WL 145167, at *2 (6th Cir. Feb.1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536–37(1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

*Improper Defendants*

Before addressing the merits of Mr. Cedeno's Complaint, the Court notes that he cannot sustain his civil rights claims against the named defendants. As a judicial officer, Judge Friedman is generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Broad protection is accorded to judges to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. That bar can only be overcome in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116.

*Stump*, 435 U.S. at 356-57. A careful review of the Complaint reveals Mr. Cedeno only names Judge Friedman because he is the presiding judge over the three criminal cases filed against him by the State of Ohio. There are no allegations Judge Friedman engaged in any action beyond the scope of the court's subject matter jurisdiction. Thus, he is entitled to complete immunity.

Similarly, prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id*.

The centerpiece of Mr. Cedeno's Complaint relies on his argument that Prosecutor McGinty and Assistant Prosecutor Ducoff are liable for damages because they are prosecuting him in three separate cases. These are acts that fall well within the contours of a prosecutor's duty. Therefore, Mr. Cedeno is not entitled to pursue this action for damages against Prosecutor McGinty or Assistant Prosecutor Ducoff, as both defendants are entitled to immunity.

*Failure to State a Claim*

Even if a defendant remained to be sued, Mr. Cedeno has failed to state a claim for relief. To state a claim under § 1985(3), he must allege: "(1) a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, a person or class of persons the equal protection of the laws and (3) an act in furtherance of that conspiracy (4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen." *White v.*

*Trapp*, No. 03–1612, 2004 WL 231793, at * 2(6th Cir. Feb. 4, 2004) (quoting *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir.1996)) (internal quotation marks omitted). "The plaintiff must also allege that the conspiracy was motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.' " *Bartell v. Lohiser*, 215 F.3d 550, 559–60 (6th Cir.2000) (quoting *United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 829 (1983)); *see Kush v. Rutledge*, 460 U.S. 719, 726(1983).

The first defect in Mr. Cedeno's section 1985(3) claim is that he legally concludes the defendants conspired, but fails to plead facts to demonstrate a conspiracy. His legal conclusion is not sufficient to allege a conspiracy for purposes of § 1985(3). More importantly, Mr. Cedeno never discloses to the Court what racial or class-based discriminatory animus the Defendants held against him. Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Id*. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. The Complaint simply fails to state a claim for relief under section 1985.

*Conclusion*

Based on the foregoing, Mr. Cedeno is granted leave to proceed *In Forma Pauperis* (Doc. No. 2) and the Complaint is dismissed pursuant to 28 U.S.C. §1915A. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good

faith.[1]

       IT IS SO ORDERED.

                                                    s/ Christopher A. Boyko
                                                    CHRISTOPHER A. BOYKO
                                                    UNITED STATES DISTRICT JUDGE

DATED: August 1, 2014

---

[1] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."